IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


ZEBULON K. GOODLET,                              07-CV-6200-BR

          Plaintiff,                             OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

          Defendant.


KATHRYN TASSINARI
ROBERT A. BARON
Harder Wells Baron & Manning, PC
474 Willamette Street
Suite 200
Eugene, OR 97401
(541) 343-4527

          Attorneys for Plaintiff


1  -  OPINION AND ORDER

**KARIN J. IMMERGUT**
United States Attorney's Office
**BRITANNIA I. HOBBS**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1053

**DAVID MORADO**
Regional Chief Counsel
**DAVID M. BLUME**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA 98104-7075
(206) 615-3621

          Attorneys for Defendant

**BROWN, Judge.**

     Plaintiff Zebulon K. Goodlet seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  Plaintiff seeks an order reversing the decision of the Commissioner and remanding this action for an award of benefits.

     This matter is now before the Court on the Commissioner's Motion to Remand (#19) for further administrative proceedings on the ground that the ALJ erred when he failed to resolve a discrepancy between the occupations Plaintiff could perform and the definitions of those occupations in the Dictionary of Occupational Titles (DOT).

2   -  OPINION AND ORDER

Following a review of the record, the Court **REVERSES** the Commissioner's decision, **GRANTS** the Commissioner's Motion and also **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Opinion and Order.

## ADMINISTRATIVE HISTORY

Plaintiff filed an application for DIB on July 12, 2004, alleging a disability onset date of March 24, 2003.  Tr. 55-57.[1] The application was denied initially and on reconsideration. Tr. 23.  An Administrative Law Judge (ALJ) held a hearing on October 6, 2006.  Tr. 455-93.  At the hearing, Plaintiff was represented by an attorney.  Plaintiff and a vocational expert (VE) testified.  The ALJ issued a decision on January 19, 2007, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 15-22.  The Appeals Council denied Plaintiff's request for review.  Tr. 7-9.  On January 19, 2007, therefore, the ALJ's decision became the final decision of the Commissioner.

## BACKGROUND

Plaintiff was born on January 19, 1973, and was 33 years old

---

[1]  Citations to the official transcript of record filed by the Commissioner on January 23, 2008, are referred to as "Tr."

3   -  OPINION AND ORDER

at the time of the hearing.  Tr. 329.  Plaintiff completed high
school and attended a few college classes.  Tr. 459.  Plaintiff
has past work experience as a grocery clerk and cook helper.
Tr. 481.

Plaintiff alleges disability due to fascioscapulohumeral
muscular dystrophy (FMD), attention deficit hyperactivity
disorder (ADHD), and depression.  Tr. 18.

Except when noted, Plaintiff does not challenge the ALJ's
summary of the medical evidence.  After carefully reviewing the
medical records, this Court adopts the ALJ's summary of the
medical evidence.  *See* Tr. 19-20.


## STANDARDS

The initial burden of proof rests on the claimant to
establish disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004
(9th Cir. 2005).  To meet this burden, a claimant must
demonstrate his inability "to engage in any substantial gainful
activity by reason of any medically determinable physical or
mental impairment which . . . has lasted or can be expected to
last for a continuous period of not less than 12 months."
42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of
developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841
(9th Cir. 2001).

The district court must affirm the Commissioner's decision

4   -  OPINION AND ORDER

if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g).  *See also Batson*, 359 F.3d at 1193. "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Robbins,* 466 F.3d at 882.  The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation.  *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir.

2007).  *See also* 20 C.F.R. § 404.1520.  Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  *See also* 20 C.F.R. § 404.1520(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 404.1520(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 404.1520(a)(4)(iii).  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's RFC.  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. § 404.1520(e).  *See also* Soc. Sec.

6  -  OPINION AND ORDER

Ruling (SSR) 96-8p.  A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996).  The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments.  An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'" SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 404.1520(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 404.1520(a)(4)(v).  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the

Medical-Vocational Guidelines set forth in the regulations at
20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner
meets this burden, the claimant is not disabled.  20 C.F.R.
§ 404.1520(g)(1).


## **ALJ'S FINDINGS**

At Step One, the ALJ found Plaintiff has not engaged in
substantial gainful activity since March 24, 2003.  Tr. 17.

At Step Two, the ALJ found Plaintiff has the severe
impairment of FMD.  Tr. 17.

At Step Three, the ALJ concluded Plaintiff's impairment does
not meet or equal the criteria for any Listed Impairment from 20
C.F.R. part 404, subpart P, appendix 1.  When the ALJ assessed
Plaintiff's RFC, he found Plaintiff could lift or carry 10
pounds, sit for six hours in an eight-hour day, and stand or walk
for at least two hours in an eight-hour day.  Tr. 18.  The ALJ
further found Plaintiff could reach away from his body, stoop,
kneel, crouch, balance, and climb ramps and stairs occasionally.
The ALJ found Plaintiff could use a keyboard for one hour at a
time "and then needs to do something different for about 10
minutes before resuming."  Tr. 18.  The ALJ found Plaintiff
should avoid "over-shoulder activity."  Tr. 18.  Finally, the ALJ
found Plaintiff could not climb ladders or scaffolds and he
should avoid unprotected heights and significant squatting or

8   -  OPINION AND ORDER

crawling.  Tr. 18.

At Step Four, the ALJ found Plaintiff could not perform his past relevant work.  Tr. 20.

At Step Five, the ALJ found Plaintiff is capable of working in occupations that exist in significant numbers in the local and national economies.  Tr. 21.  Accordingly, the ALJ found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 22.


**<u>DISCUSSION</u>**

Plaintiff contends the ALJ erred when he (1) failed to order psychological testing to determine the extent of Plaintiff's mental limitations; (2) improperly rejected Plaintiff's testimony; (3) improperly found at Step Two that Plaintiff's mental impairments are not severe; (4) improperly rejected the opinion of Steven Goins, M.D., treating physician; and (5) failed to resolve a discrepancy between the occupations identified by the VE and the descriptions of those occupations in the DOT.

In his Motion to Remand, the Commissioner concedes the ALJ erred when he failed to resolve a discrepancy between the occupations identified by the VE and the descriptions of those occupations in the DOT and moves the Court to remand for further proceedings on this issue.

9   -   OPINION AND ORDER

I.    **The ALJ erred when he failed to order psychological testing to determine the extent of Plaintiff's mental limitations.**

"Critical to the fair and effective operation of the system for distributing social security benefits based on disability is the gathering and presentation of medical evidence." *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001)(citation omitted). Although the burden to demonstrate a disability lies with the claimant, "it is equally clear the ALJ has a duty to assist in developing the record." *Id.* (quotation omitted; citing 20 C.F.R. §§ 404.1512(d)-(f), 416.912(d)-(f); *Sims v. Apfel*, 530 U.S. 103, 110-11 (2000)("Social Security proceedings are inquisitorial rather than adversarial.  It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits.")).

"One of the means available to an ALJ to supplement an inadequate medical record is to order a consultative examination, *i.e.*, 'a physical or mental examination or test purchased for [a claimant] at [the Social Security Administration's] request and expense.'" *Id.* (quoting 20 C.F.R. §§ 404.1519, 416.919).  "[T]he Commissioner has broad latitude in ordering a consultative examination." *Id.* at 842 (quotation omitted).  Although the government is not required to bear the expense of an examination for every claimant, some cases "normally require a consultative examination," including cases in which "additional evidence needed is not contained in the records of [the claimant's]

10  -  OPINION AND ORDER

medical sources" and cases involving an "ambiguity or insufficiency in the evidence [that] must be resolved." *Id*. (quoting 20 C.F.R. §§ 404.1519a(b)(1),(4), and 416.919a(b)(1),(4)). *See also Hawkins v. Chater*, 113 F.3d 1162, 1166 (10th Cir. 1997) ("[A] consultative examination is often required for proper resolution of a disability claim."); *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996)("An ALJ must order a consultative evaluation when such an evaluation is necessary to enable the ALJ to make the disability determination."); *Carrillo Marin v. Sec'y of Health and Human Servs.*, 758 F.2d 14, 17 (1st Cir. 1985)("[I]f the Secretary is doubtful as to the severity of [a claimant's] disorder, the appropriate course is to request a consultative evaluation. . . . The failure to do so in this instance constitutes the requisite 'good cause' for remand.").

At the hearing before the ALJ, Plaintiff requested a psychological evaluation to determine the extent of his ADHD and depression. The ALJ denied Plaintiff's request on the ground that the ALJ did not believe an exam was "required or appropriate" based on Plaintiff's "testimony and presentation and what [Plaintiff has] done in school." Tr. 492. The record, however, contains several opinions from various counselors that Plaintiff suffers from ADHD and depression. For example, on December 9, 2003, Doug Eckstein, M.A., L.P.C., opined Plaintiff

suffers from ADHD based on Conners' ADHD test.  Tr. 381.  On
December 24, 2003, Eckstein also noted Plaintiff suffers from
depression.  On August 24, 2006, Renita Adams, Plaintiff's
vocational rehabilitation counselor, noted she had worked with
Plaintiff since 2003 and opined his physical and mental
disabilities make it "very difficult for him to be employed
successfully."  Tr. 303.  Adams found it "interesting that Social
Security has not requested a psychological and neurological
evaluation on [Plaintiff]" because he "has suffered from
depression (Dysthymia) for a long time and has difficulties with
focus and concentration."  Tr. 303.

    Based on this record, the Court concludes the ALJ erred when
he failed to request psychological testing of Plaintiff.

## II.  **This matter is remanded for further proceedings.**

    The decision whether to remand this case for further
proceedings or for the payment of benefits is a decision within
the discretion of the court.  *Harman*, 211 F.3d 1178.

    The decision whether to remand for further proceedings or
for immediate payment of benefits generally turns on the likely
utility of further proceedings.  *Id.* at 1179.  The court may
"direct an award of benefits where the record has been fully
developed and where further administrative proceedings would
serve no useful purpose."  *Smolen*, 80 F.3d at 1292.

    Here, as noted, the ALJ did not order psychological testing

of Plaintiff.  Accordingly, the Court remands this matter for the purpose of directing the Commissioner to order psychological testing of Plaintiff and to reevaluate Plaintiff's testimony and the medical evidence as well as Plaintiff's RFC in light of the findings resulting from the psychological testing.


## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner, **GRANTS** the Commissioner's Motion (#19) and also **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Opinion and Order.

With respect to future proceedings in this matter after remand, § 406(b) of the Social Security Act "controls fees for representation [of Social Security claimants] in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)(citing 20 C.F.R. § 404.1728(a)).  Under 42 U.S.C. § 406(b), "a court may allow 'a reasonable [attorneys'] fee . . . not in excess of 25 percent of the . . . past-due benefits' awarded to the claimant." *Id*. at 795 (quoting 42 U.S.C. § 406(b)(1)(A)).  Because § 406(b) does not provide a time limit for filing applications for attorneys' fees and Federal Rule 54(d)(2)(B) is not practical in the context of Social Security sentence-four remands, Federal Rule of Civil Procedure 60(b)(6) governs.  *Massett v. Astrue*, 04-CV-1006

(Brown, J.)(issued June 30, 2008).  *See also McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006).  To ensure that any future application for attorneys' fees under § 406(b) is filed "within a reasonable time" as required under Rule 60(b)(6), the Court orders as follows:  If the Commissioner finds Plaintiff is disabled on remand and awards him past-due benefits and if, as a result, Plaintiff intends to submit such application for attorneys' fees under § 406(b), Plaintiff shall submit any such application within 60 days from the issuance of the Notice of Award by the Commissioner.

IT IS SO ORDERED.

DATED this 5th day of September, 2008.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge